IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAMONTE ALTON EALY,

                    Plaintiff,

     v.

DIANE FLADHAMMER, DONALD
STRAHOTA, SGT. JANZEN, T. NAVIS,
LT. CRAPSER, SALLY WESS, FLUCKS,
THOMAS, TERRA FREDLUND, and
E. DAVIDSON,

                    Defendants.

ORDER

17-cv-718-wmc

---

*Pro se* plaintiff Lamonte Alton Ealy was granted leave to proceed on a First Amendment retaliation claim against the named defendants. Defendants were then served with the complaint, and answered it. In his most recent filings, however, plaintiff now seeks leave to amend his complaint to add: (1) a state law claim for defamation against defendant Janzen; (2) a Fourteenth Amendment due process claim against the same defendants based on the termination of his prison job; and (3) claims against previously-named defendants the Department of Corrections and the Division of Adult Institutions. (Dkt. ##16, 18.) The court will grant in part and deny in part plaintiff's motions to amend, allowing him to add a state law defamation claim against Janzen, but denying his request to add a Fourteenth Amendment due process claim or to pursue claims against state entities.

In his complaint and in his motion for leave to amend his complaint, plaintiff alleges that Janzen falsified Ealy's performance evaluation by telling others within DOC that his work ethic was inadequate, precipitating his loss of a full-time position as a laundry worker.

To state a claim of defamation under Wisconsin law, a plaintiff must allege that the defamatory statement: "(1) was spoken to someone other than the person defamed, (2) is false, (3) is unprivileged and (4) tends to harm the defamed person's reputation so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Torgerson v. Journal Sentinel, Inc.*, 210 Wis. 2d 524, 534, 563 N.W.2d 472, 477 (1997); *Hart v. Bennet,* 2003 WI App 231, ¶ 21, 267 Wis. 2d 919, 672 N.W.2d 306. While this action may still prove privileged, the facts as alleged would otherwise appear to support the elements of a defamation claim. Regardless, since defendants declined an opportunity to oppose plaintiff's motion for leave to amend his complaint, the court will grant that portion of plaintiff's motion. Moreover, as the essential facts are already set out in the complaint, and defendants have denied them, neither party need file a further pleading to proceed on plaintiff's claim for defamation against defendant Janzen. However, Janzen may have ten days to file an affirmative motion to dismiss that claim, should he wish.

As best the court can discern, plaintiff also seeks to add a Fourteenth Amendment due process claim based on the termination of his prison job. That amendment would be pointless, however, since there is no due process right to prison employment. *See Gilman v. Manzo*, No. 2:03-CV-00044 WGH RL, 2005 WL 941676, at *1 (S.D. Ind. Feb. 24, 2005) ("The Seventh Circuit has clearly indicated that a prisoner has no property or liberty interest in prison employment.") (citing *Garza v. Miller*, 688 F.2d 480, 485 (7th Cir. 1982)). Accordingly, the court will deny plaintiff leave to add this claim.

Plaintiff next seeks to add the Wisconsin Department of Corrections and the Division of Adult Institutions as defendants. In its opinion and order screening parts of plaintiff's complaint to go forward, the court explained that plaintiff cannot pursue claims against these states entities because they are entitled to immunity under the Eleventh Amendment. (11/27/18 Order (dkt. #11) 4-5 (citing *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991)).) In his filing, plaintiff points to tort cases imposing liability under the doctrine of respondeat superior, but that doctrine has no application in the context of 42 U.S.C. § 1983 claims asserting violations of constitutional rights. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009) ("It has long been established that there is no respondeat superior liability under section 1983."). Moreover, while a plaintiff may pursue claims against a municipality (*e.g.*, a town or a city), based on an unconstitutional policy or practice under § 1983, no such claim is permitted against state entities like the Department of Corrections and Division of Adults Institutions. *See Yan v. Bd. of Regents of Univ. of Wis. Sys.*, No. 05-C-16-C, 2005 WL 2206768, at *9 (W.D. Wis. Sept. 12, 2005) ("[P]laintiff may not sue state entities for damages under § 1983.") (citing *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003)). As such, the court will deny plaintiff leave to add these two defendants.

Finally, plaintiff filed a motion for default judgment arguing that somehow by failing to respond to his motion for leave to amend his complaint, defendants have admitted those allegations. (Dkt. #17.) That's not accurate. To the contrary, defendants already answered the material allegations in plaintiff's complaint timely, formally putting them in dispute. In failing to respond to the motion for leave to amend, defendants simply

3

took no position as to the proposed amendment. In no way did their decision not to respond constitute an admission. As such, the court will deny plaintiff's motion for default judgment.

ORDER

IT IS ORDERED that:

1) Plaintiff Lamonte Alton Ealy' motion for leave to amend his complaint (dkt. #16) is GRANTED IN PART AND DENIED IN PART. Plaintiff is granted leave to add a state law defamation claim against defendant Janzen. Neither side need file any other pleading to proceed or defend against that additional claim, although defendant Jansen may formally move to dismiss, should he wish, on or before March 11, 2019. In all other respects, plaintiff's motion is denied.

2) Plaintiff's motion for default judgment (dkt. #17) is DENIED.

3) Plaintiff's motion for addendum to civil complaint (dkt. #18) is DENIED.

Entered this 27th day of February, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge