IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LAMONTE ALTON EALY,

                Plaintiff,                              OPINION AND ORDER

v.

                                                            17-cv-718-wmc

DARRELL JANZEN,

                Defendant.

*Pro se* plaintiff Lamonte Alton Ealy asserts a First Amendment retaliation claim and a state law defamation claim against defendant Darrell Janzen, an employee of the Wisconsin Department of Corrections. This case is set for trial, commencing October 13, 2020. In advance of the final pretrial conference ("FPTC") set for September 30, 2020, at 2:30 p.m., the court issues the following opinion and order on plaintiff's motions *in limine* and related motions.

OPINION

I. Plaintiff's Motions *in Limine* (dkt. #57)

   A. MIL No. 1: requiring defendant to respond to plaintiff's "facts stipulated by counsel"

In this motion, plaintiff seeks an order requiring defendant to respond to its motion for "facts stipulated by counsel." Defendant did respond to plaintiff's filing and, as such, the court will DENY this motion as moot. The court takes up this filing plaintiff's below.

   B. MIL No. 2: prohibiting defendant from introducing evidence about prior or current convictions

Plaintiff seeks to exclude any evidence of his prior or current convictions on the

basis that the prejudicial impact of this evidence would outweigh any probative value. In response, defendant argues that the fact of his convictions and the crimes detailed in those convictions is relevant to his defamation claim because "a defendant is permitted to introduce evidence to 'overcome the presumption that plaintiff had an otherwise good reputation.'" (Def.'s Opp'n (dkt. #79) 2 (quoting *Wright v. Teasdale*, No. 15-CV-577-WMC, 2017 WL 2274494, at *3 (W.D. Wis. May 24, 2007)).) While this is an accurate statement of the law, plaintiff is alleging that defendant Janzen defamed and retaliated against him, thereby injuring his reputation as a good, reliable prison worker. As such, evidence of the specific nature of the crimes plaintiff committed -- none of which touch on his ability to be a good, reliable prison worker -- has *no* relevance to the specific injury to reputation at stake here, and even if marginally relevant, any probative value is clearly outweighed by its prejudicial effect. Even so, under Rule 609, should the plaintiff take the stand, defendant may cross-examine him as to the *number* of times he has been convicted of a felony if less than 10 years has passed since conviction for each of those crimes or he is still serving time for that crime.[1] Accordingly, the court will GRANT this motion IN PART AND DENY IT IN PART.

### C. MIL No. 3: exclude third-party comments

In this motion, plaintiff seeks to exclude "third party comments or conduct not corroborated with sufficient evidence." (Pl.'s Mot. (dkt. #57) 1.) To the extent plaintiff

---

[1] Even then, defendant will need to make a proffer during or before the FPTC should he wish to impeach on this basis at trial, and the court will bar defendant from presenting actual evidence of a felony conviction unless plaintiff disputes that conviction on the stand at trial.

is simply requesting that the court apply the Federal Rules of Evidence in considering hearsay, the court will do so. However, as defendant points out in its response, third-party statements may be admissible for some purposes, including inconsistent prior sworn statements, statements adopted by a party opponent or if offered for a relevant reason other than demonstrating the truth of the matter asserted. As such, this motion is GRANTED AS UNOPPOSED, but nothing about this ruling precludes defendant from seeking admission of third-party consistent with the Federal Rules of Evidence. Should plaintiff believe *specific* third-party statements are not admissible, he may want to raise examples at the FPTC to insure that both sides and the court are on the same page.

### D. MIL No. 4: excluding evidence of prior lawsuits[2]

Plaintiff seeks to exclude any evidence about plaintiff's prior lawsuits, other than the present one. In response, defendant does not oppose this motion as to any civil actions but argues, for the reasons described above with respect to MIL No. 1, that he may present evidence of defendant's prior convictions. As to plaintiff's civil lawsuits, therefore, this motion is GRANTED AS UNOPPOSED.

## II. Plaintiff's Facts Judicially Noticed (dkt. #58)

In this submission, plaintiff describes eleven facts, of which he is presumably requesting that the court take judicial notice at trial. The facts describe: (1) his employment history as a laundry worker; (2) Janzen's supervisory role and completion of a performance review; (3) institutional rules and policies regarding the laundry room; and

---

[2] Plaintiff also purports to assert a fifth motion *in limine*, but it is duplicative to MIL No. 4.

(4) his claim for damages. At least as to some of these facts, plaintiff will likely need to prove at trial in order to be successful on his claims, including proof of damages. Nor are these the type of facts for which a court can take judicial notice under Federal Rule of Evidence 201(c). In other words, these facts are not "generally known within the trial court's territorial jurisdiction," nor can they "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(c).

As such, plaintiff's request that the court take judicial notice of certain facts is DENIED. However, as a matter of judicial economy, the court directs defendant to advise in writing before the FPTC if he is willing to stipulate to any of these facts. If not, plaintiff should keep a list of disputed facts -- including, for example, what Ealy said about the laundry room or Janzen specifically, who he said it to, and when he said it -- as a useful outline of facts he will need to prove to the jury.

### III. Plaintiff's Facts Stipulated by Counsel (dkt. #63)

As mentioned above, plaintiff also served on defendant a list of 13 facts for which he sought a response from defendant as to whether he agreed or disagreed with each fact. While the court is willing to read stipulated facts from the parties, the parties must agree as to those stipulated facts. In his response, defendant notes whether he disputed or did not dispute each of those facts, though for some of the facts that he purports not to dispute, defendant also includes additional information or clarification. (Def.'s Resp. (dkt. #77).) For such additions, plaintiff will need to advise in writing in advance of (or during) the FPTC if he is willing to stipulate to their inclusion. Accordingly, the court will RESERVE on this request, and take it up at the final pretrial conference.

ORDER

IT IS ORDERED that:

1) Plaintiff Lamonte Alton Ealy' motions in *limine* (dkt. #57) are GRANTED IN PART AND DENIED IN PART as set forth above.

2) Plaintiff's motion for the court to take judicial notice of facts (dkt. #58) is DENIED.

3) Plaintiff's motion for stipulate of facts (dkt. #63) is RESERVED.

Entered this 25th day of September, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge